## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | |
|---|---|
| *In re* SUBPOENAS SERVED ON THE AMERICAN KIDNEY FUND | ) ) ) ) |
| —————————————————— | ) |
| UNITEDHEALTHCARE OF FLORIDA, INC., *et al.*, | ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| AMERICAN RENAL ASSOCIATES HOLDINGS, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

Case No.

Honorable Judge _____

(Related Cases: *Case No. 16-cv-81180 (S.D. Fl.); American Kidney Fund, Inc. v. BCBSM, Inc., d/b/a Blue Cross and Blue Shield of Minnesota, Case No. 16-cv-02854 (D. Md.)*)

## NON-PARTY AMERICAN KIDNEY FUND, INC.'S
## MOTION TO QUASH DOCUMENT AND DEPOSITION SUBPOENAS

The American Kidney Fund, Inc., by its undersigned counsel, respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure ("Rule") 45(d)(1) and (d)(3)(A) to quash (1) the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Document Subpoena"), and (2) the Subpoena to Testify at a Deposition in a Civil Action (the "Deposition Subpoena") (collectively, the "Subpoenas"), served on it by counsel for UnitedHealthcare of Florida, Inc. and All Savers Insurance Company (collectively, "United" or the "Insurers") in connection with a lawsuit pending in the United States District Court for the Southern District of Florida (the "Florida Court") captioned as Civil Action No. 9:16-cv-81180-KAM (the "Florida Litigation"), in which the American Kidney Fund is not a party. In support of its motion, the American Kidney Fund states as follows:

1.      On July 1, 2016, United filed a complaint, subsequently amended on March 13, 2017 (as amended, the "Complaint"), in the Florida Litigation, against American Renal Associates Holdings, Inc., American Renal Associates LLC, and American Renal Management LLC (collectively, "ARA").

2.      The American Kidney Fund is a 501(c)(3) charity that spends 97 cents of every dollar it receives on programs that directly serve thousands of Americans affected by kidney disease, and the charity has limited resources beyond those needed to support its important mission.

3.      The American Kidney Fund is not a defendant in, or otherwise party to, the Florida Litigation.

4.      United previously served substantially similar subpoenas (the "Abandoned Subpoenas") on the American Kidney Fund more than nine months ago, on September 20, 2016. At a significant expense, counsel for the American Kidney Fund prepared and served written objections to United's dozens of discovery demands on October 4, 2016.

5.      The American Kidney Fund's counsel conferred with United's counsel shortly thereafter regarding the objections. The American Kidney Fund did not hear back from United for more than two months, until, on December 29, 2016, United's counsel proposed a small number of minor and insufficient limitations to its set of 33 document requests. The parties scheduled a follow-up call for January 13, 2017, which United abruptly cancelled.

6.      The parties did not schedule any further discussions, and United failed to pursue the Abandoned Subpoenas at any time thereafter.  Five months later, United purported to "withdraw[]" the Abandoned Subpoenas and "replace" them with the instant Subpoenas.

7.      United's Document Subpoena demands that the American Kidney Fund produce within 30 days (i.e. on or before June, 30, 207, two days from now) 27 categories of documents across an expansive breadth of subject matters over a time period going back nearly three years. Further, United demanded documents that can be obtained from parties to the Florida Litigation; do not relate to entities, geographies, or subject matters relevant to the Florida Litigation; and/or are protected from disclosure by the attorney-client privilege or patient privacy laws.

8.      At the same time, United also served a Deposition Subpoena on the American Kidney Fund, demanding that the American Kidney Fund designate a witness or witnesses to sit for a deposition on July 20, 2017, to testify on an equally overbroad set of topics. The vast majority of those topics have no temporal limitation.

9.      ARA has filed a dispositive motion to dismiss United's Complaint pursuant to Rule 12(b)(6).  That motion remains pending before the Florida Court.

10.     By burdening the American Kidney Fund with the substantial expense of engaging on and objecting to its September 2016 subpoenas, and then abandoning those subpoenas for more than five moths, United has waived its right to pursue substantially identical requests through yet another set of Subpoenas.

11.     The Subpoenas are subject to mandatory quashing under Rule 45(d)(3)(A) as unduly burdensome on the American Kidney Fund, because the Florida Court's ruling on ARA's

pending motion to dismiss may terminate the Florida Litigation entirely. As a result, any money and time expended by non-party American Kidney Fund to comply with the United's overbroad and burdensome Subpoenas prior to these rulings would be wasted.

12.   In addition, the Subpoenas are subject to mandatory quashing under Rule 45(d)(3)(A) as unduly burdensome because they impose requests for materials that United can obtain from parties to the Florida Litigation (including itself) and seek overbroad categories of documents and information that bear no connection to the time frame, entities, geographies, or subject matters identified in the Complaint.

13.   The Subpoenas are subject to mandatory quashing under Rule 45(d)(3)(A) for the independent reason that they seek materials protected from disclosure by the attorney-client privilege, the work-product doctrine, and protection afforded by patient privacy laws and doctor-patient confidentiality.

14.   The Subpoenas are also subject to mandatory quashing under Rule 45(d)(3)(A) because they fail to provide a reasonable amount of time for compliance. United purports to demand that the American Kidney Fund produce documents, on subject matters spanning the entirety of the American Kidney Fund's organization and covering a time period of nearly three years, all within a month's time. United also purports to demand that the American Kidney Fund prepare a witness or witnesses for testimony on similarly overbroad topics within three weeks of identifying and producing documents.

15.   Should some limited production or testimony at some stage be required, Rule 45 entitles the American Kidney Fund to protection from significant expense.

WHEREFORE, for the foregoing reasons and the reasons detailed in the accompanying memorandum of law, which the American Kidney Fund incorporates in full herein by reference, the American Kidney Fund seeks, and is entitled to, a finding that the Subpoenas should be quashed under one or more bases set forth by Rule 45 and relevant Local Rules.

Respectfully Submitted,

ROPES & GRAY LLP

Chong S. Park  (Bar No. 17372)
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Telephone: (202) 508 4631
Facsimile: (202) 383-8370
Chong.Park@ropesgray.com

Jeffrey J. Bushofsky (*pro hac vice* application forthcoming)
Timothy R. Farrell  (*pro hac vice* application forthcoming)
191 North Wacker Drive
32nd Floor
Chicago, IL 60606
Telephone:  (312) 845-1200
Facsimile:  (312) 845-5500
Jeffrey.Bushofsky@ropesgray.com
Timothy.Farrell@ropesgray.com

*Attorneys for the American Kidney Fund*

Dated:  June 28, 2017

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Quash Document and Deposition Subpoenas, and supporting Memorandum of Law, were served this 28th day of June 2016 on counsel for all parties to the Florida Litigation, including Plaintiffs, UnitedHealthcare of Florida, Inc. and All Savers Insurance Company, and Defendants, American Renal Associates Holdings, Inc., American Renal Associates LLC, and American Renal Management LLC,  by causing a true copy of the same to be transmitted by U.S. mail, with courtesy copy via email, to:

Anne M. Lockner
Robins Kaplan LLP
800 LaSalle Avenue
Minneapolis, MN 55402
alockner@robinskaplan.com
(612) 349-8470

Adriana Riviere-Badell
Kobre & Kim LLP
2 South Biscayne Boulevard, 35th Floor
Miami, Florida 33131
Adriana.Riviere-Badell@kobrekim.com
(305) 967-6100

Chong S. Park
ROPES & GRAY LLP
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Telephone: (202) 508 4631
Facsimile: (202) 383-8370
Chong.Park@ropesgray.com

Dated:  June 28, 2017
          Washington, DC