UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CIVIL ACTION NO. TDC-17-1787

UNITEDHEALTHCARE OF FLORIDA,
INC., *et al.*,

    Plaintiffs,

v.

AMERICAN RENAL ASSOCIATES
LLC, *et al.*,

    Defendants.
_____/

## STIPULATED PROTECTIVE ORDER

UnitedHealthcare of Florida, Inc. and All Savers Insurance Company (collectively "United") and the American Kidney Fund ("AKF"), by and through their respective counsel, have stipulated, pursuant to Rule 26(c), to the entry of the following Protective Order ("Order") solely to govern the use, production, storage, handling, and disclosure of documents, information (including electronically stored information ("ESI")), things, and testimony (collectively referred to herein as "Materials"), produced or disclosed by American Renal Associates LLC or American Renal Management LLC (collectively, "ARA") or United (for the purposes of this Protective Order only, United, ARA, and AKF are referred to individually as a "Party" and collectively as "Parties").[1] in the case captioned *United Healthcare of Florida, et al. v. American Renal Associates, et al.*, Civil Action No. 9:16-cv-81180-KAM (the "Florida Action") for use in the above-captioned action (the "Maryland Action"). This Order shall permit the same level of protection to Materials as they have in the Florida Action. Thus, if any ARA or United materials are produced in the Maryland Action they shall retain the same designation as

---

[1] ARA is not a party to the litigation in the Maryland Action.

ARA or United designated them in the Florida Action and designations made by ARA or United are not subject to challenge by AKF in the Maryland action. If AFK wishes to challenge such a designation, they shall do so in the Florida Action. For the avoidance of doubt, notwithstanding any other provision herein, this Order shall not apply to any discovery that may be taken from AKF or otherwise in the Maryland Action; to the extent that any discovery is taken from AKF or otherwise in connection with the Maryland Action, the Parties hereto shall enter into another or an amended set of confidentiality undertakings with respect to such Materials.

Accordingly, after reviewing the terms of the Order, this Court now adopts its terms and ORDERS as follows:

    **A.**    **CONFIDENTIAL Materials Defined.**

    1.    For purposes of this Order, CONFIDENTIAL Materials are those Materials, which a Party or witness producing those Materials ("Designating Party") designates as "CONFIDENTIAL." CONFIDENTIAL Materials include, but are not limited to, Materials that contain trade secrets, proprietary or sensitive information, employee records and personnel files, medical records, and any other such information subject to privacy rights.

    2.    CONFIDENTIAL Materials shall be revealed only in accordance with the provisions of Paragraph F herein and only to: (a) the court presiding over the Florida Action or the Maryland Action (the "Court") and the Court's staff; (b) any Court-appointed or mutually selected mediators and arbitrators who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; (c) the Parties and their officers, directors, managers, employees, and agents who are providing assistance to counsel in the Florida Action or the Maryland Action (including in-house counsel participating in the Florida Action or the Maryland Action), and any persons joined as parties in the future subject to their agreement to be bound by this

Order; (d) the Parties' attorneys of record and those attorneys' associates, assistants, employees, and vendors; (e) the persons listed on a document as authors or recipients (including copyees); (f) consultants, technical experts, expert witnesses, deponents, potential fact witnesses, fact witnesses, and agents involved in the preparation of the Florida Action or the Maryland Action who have signed the "Agreement to be Bound by Protective Order," the form of which is attached hereto as Exhibit A; and (g) Court reporters, their transcribers, assistants, and employees.

### B. CONFIDENTIAL HEALTH INFORMATION Defined.

1. Any Materials that contain health information, including demographic information, that (1) relates to the past, present, or future physical or mental condition of an individual; the provision of care to an individual; or the payment for care provided to an individual; and (2) that identifies or reasonably could be expected to identify an individual, shall be designated by the Designating Party as "CONFIDENTIAL HEALTH INFORMATION."

2. CONFIDENTIAL HEALTH INFORMATION specifically includes "Protected Health Information," as that term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996. *See* 45 C.F.R. §§ 164.501 ("protected health information") and 160.103 ("individually identifiable health information").

3. CONFIDENTIAL HEALTH INFORMATION shall be revealed only in accordance with the provisions of Paragraph H herein and only to: (a) the Parties and their officers, directors, employees, and agents who are providing assistance to counsel in the Florida Action or the Maryland Action (including in-house counsel participating in the Florida Action or the Maryland Action), and any persons joined as parties in the future subject to their agreement to be bound by this Order; (b) the attorneys of record

for a Party; (c) expert witnesses or expert consultants assisting counsel of record for a Party who have signed the "Agreement to be Bound by Protective Order," the form of which is attached hereto as Exhibit A; (d) the persons listed on a document as authors or recipients (including those who are shown on the face of the document to have received copies); (e) deponents, fact witnesses or potential fact witnesses who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; (f) the Court and its staff; (g) Court reporters, their transcribers, assistants, and employees; and (h) any Court-appointed or mutually selected mediators and arbitrators who have signed the "Agreement to be Bound by Protective Order," the form of which is attached hereto as Exhibit A.

    **C.    ATTORNEYS' EYES ONLY Materials Defined**

    1.    For purposes of this Order, ATTORNEYS' EYES ONLY Materials are those Materials that a Designating Party designates as "ATTORNEYS' EYES ONLY." ATTORNEYS' EYES ONLY Materials include, but are not limited to, Materials that contain a Designating Party's non-public business or legal information which, if shared with the Parties, could risk irreparable harm to the Designating Party.

    2.    ATTORNEYS' EYES ONLY Materials shall be revealed only in accordance with the provisions of Paragraph F herein and only to: (a) the Court, the Court's staff; (b) any Court-appointed or mutually selected mediators and arbitrators who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; (c) outside attorneys of record for a Party, and those attorneys' associates, assistants, employees, and vendors; (d) deponents, fact witnesses or potential fact witnesses who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; (e) the persons listed on a document as authors or recipients (including copyees); (f) expert witnesses or expert consultants assisting outside counsel of record who have signed the "Agreement to be Bound by Protective Order" attached

hereto as Exhibit A; and (g) Court reporters, their transcribers, assistants, and employees.

    **D.**    **Process for Making Designations**

    1.    A Designating Party producing Materials in the Maryland Action shall designate said Materials as "CONFIDENTIAL", "CONFIDENTIAL HEALTH INFORMATION" or "ATTORNEYS' EYES ONLY" by conspicuously marking the Materials, or relevant portions thereof, with the appropriate designation before the Materials are disclosed or produced (alternatively and collectively known as "Protected Materials").

    2.    Designation in conformity with this Order requires:

    (a)    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the appropriate designation ("CONFIDENTIAL", "CONFIDENTIAL HEALTH INFORMATION" or "ATTORNEYS' EYES ONLY") to each page that contains Protected Material. A Designating Party will be given one opportunity to identify documents produced as CONFIDENTIAL, CONFIDENTIAL HEALTH INFORMATION, or ATTORNEYS' EYES ONLY, on the 20th day after the documents were originally produced. This opportunity is not subject to the procedure identified in Paragraph (E) of this Order. If a Designating Party elects to make such designations, they must provide copies of the newly designated documents and a list specifically identifying each document that is being designated. Recipients of the newly designated documents must destroy the original, undesignated version of the documents.

    (b)    For testimony given in deposition, by informing the court reporter (and videographer, if applicable) at the time of the deposition, or within twenty-one (21) days from the date the final transcript is received by the Designating

Party seeking to make a Protected Material designation, (unless a shortened time period is requested as set forth below). The Designating Party seeking to designate the testimony as Protected Material shall list the numbers and lines of the pages of the transcript containing the designated Protected Material and serve such list on all Parties. Pending such designation, the entire transcript, including exhibits, shall be deemed "CONFIDENTIAL." If no designation is made within twenty-one (21) days after receipt of the transcript, the transcript shall be considered not to contain any Protected Material.

      (i)  If any portion of a videotaped proceeding is designated pursuant to this section, the videocassette or other video container shall be labeled with the appropriate designation. A Designating Party shall have twenty-one (21) days from the date the videotaped proceeding is received by the Designating Party to make a Protected Material designation. The Designating Party seeking to designate the videotape proceeding as Protected Material shall list by minute and second the portions of the recording containing the designated Protected Material and shall serve such list on all Parties. Pending such designation, the entire transcript, including exhibits, shall be deemed "CONFIDENTIAL." If no designation is made within twenty-one (21) days after receipt of the transcript, the transcript shall be considered not to contain any Protected Material.

      (ii)  A Party may reasonably request from the Designating Party a shortening of the time period within which a Protected Material designation for a transcript must be made for the purpose of conducting effective discovery or preparation, and consent to such a request shall not be unreasonably withheld. In the event of a dispute as to a request for a shortened time period, the Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the Party requesting the shortened time period may request appropriate relief from the Court.

(c) For information produced in some form other than documentary and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item that contains or constitutes Protected Material is stored the appropriate designation.

(d) The Parties agree to work together in good faith to protect the Protected Material that may be disclosed in pretrial motion practice or hearings, and to seek such relief from the Court as is appropriate and necessary to afford such Materials the appropriate level of protection.

3. If corrected through a written notice to the Party receiving the Protected Material ("Receiving Party"), an inadvertent failure to designate qualified Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon written correction of a designation, the Receiving Party must assure that the material is treated in accordance with the provisions of this Order.

4. By consenting to this Order and defining "CONFIDENTIAL", "CONFIDENTIAL HEALTH INFORMATION", AND "ATTORNEYS' EYES ONLY" Materials, the Parties are not agreeing or stipulating that any specific Materials are discoverable, and they each reserve all rights and objections.

### E. Challenging Designations

Neither AKF nor United can challenge the designation of any materials produced by ARA in the Florida Action in the Maryland Action.

### F. Use of CONFIDENTIAL or ATTORNEYS' EYES ONLY Materials.

1. The Parties, counsel for the Parties, and all others persons to whom CONFIDENTIAL or ATTORNEYS' EYES ONLY Materials are disclosed in accordance

with this Order, shall use all such documents or information solely for the purposes of case preparation and trial in the Florida Action or the Maryland Action.

2. Before disclosing CONFIDENTIAL or ATTORNEYS' EYES ONLY Materials in accordance with the Order to any person authorized under this Order to receive such Materials, other than the Court, Court reporters, and their respective staff, counsel for the Party seeking to disclose such information shall obtain that person's signature to the "Agreement to be Bound by Protective Order," the form of which is attached hereto as Exhibit A. Such person shall sign and date a copy of the "Agreement to be Bound by Protective Order" evidencing his or her agreement to be bound thereby. Counsel disclosing Protected Materials subject to this Order shall maintain all signed copies of the "Agreement to be Bound by Protective Order" until the conclusion of this case, as defined below, and shall be required to provide a copy of any signed "Agreement to be Bound by Protective Order" to other Parties upon request.

3. Written material submitted to the Court that contains, refers to, or reveals CONFIDENTIAL or ATTORNEYS' EYES ONLY Materials shall be subject to this Order and shall be filed under seal. Upon filing, the Clerk is directed to maintain such documents and information under seal and to make such Materials available only to the Court, Court personnel, and counsel for the parties to this action. The parties shall file such CONFIDENTIAL or ATTORNEYS' EYES ONLY Materials under seal along with a Motion to Seal in accordance with Local Rule 105.11.

4. If a person refuses to agree to sign the "Agreement to be Bound by Protective Order," the form of which is attached hereto as Exhibit A, as required by this Order, then no CONFIDENTIAL and/or ATTORNEYS' EYES ONLY Materials may be disclosed to the person, unless the person is otherwise entitled to view such Materials.

5. If a copy of Materials previously designated CONFIDENTIAL or ATTORNEYS' EYES ONLY is marked as a deposition exhibit, such material shall retain its designation, even if not designated as CONFIDENTIAL or ATTORNEYS' EYES

ONLY during the deposition, unless the Parties expressly agree otherwise. If filed with the Court, such CONFIDENTIAL or ATTORNEYS' EYES ONLY material shall be filed under seal.

6. Within thirty (30) days of the conclusion of this case (which shall be upon exhaustion of all appeals), all CONFIDENTIAL or ATTORNEYS' EYES ONLY Materials produced by any Party and designated as subject to this Order, and including all copies, extracts and summaries thereof, shall be destroyed by the receiving Party, who shall confirm such destruction in writing. To the extent that the receiving Party fails to comply with the provisions of this section regarding the destruction of Protected Materials including ESI, this Order remains in effect to preclude unauthorized use or disclosure of said Protected Materials.

7. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential or ATTORNEYS' EYES ONLY Materials, and will continue to be bound by this Order with respect to all such retained information.

**G. Use of CONFIDENTIAL HEALTH INFORMATION Documents.**

1. The Parties, counsel for the Parties, and all others persons to whom CONFIDENTIAL HEALTH INFORMATION Materials may be disclosed in accordance with this Order, are hereby authorized to receive and transmit Protected Health Information related to this litigation and agree to maintain and use all such Materials solely for the purposes of case preparation and trial in the Florida Action or the Maryland Action and in accordance with 45 C.F.R. § 164.512(e)(1).

2. In the event that any Party wishes to (a) introduce any CONFIDENTIAL HEALTH INFORMATION into evidence or otherwise use evidence containing CONFIDENTIAL HEALTH INFORMATION at any hearing, trial, mediation, deposition or other proceeding or (b) use CONFIDENTIAL HEALTH

INFORMATION in any affidavits, briefs, memoranda of law, exhibits to motions, or other papers filed in this action, such Party shall, except as provided in Paragraphs G(3)(a)-(b) below, redact, remove, or encrypt the following information that would directly identify the patient or individual (subscriber or member) or any relatives or household members of such patient or individual (subscriber or member): (1) names; (2) street addresses; (3) telephone and fax numbers; (4) electronic mail addresses; (5) social security numbers; (6) members or subscriber identifiers or health plan beneficiary numbers; (7) URLs and IP addresses; (8) full face photographic images and any other comparable images that identify an individual; and (9) biometric identifiers, including finger and voiceprints. A Party *may* (but is not required to) redact, remove, or encrypt from any documents or evidence other information that such Party believes, in good faith, may identify a patient or individual (subscriber or member) or any relatives or household members of such patient or individual (subscriber or member). The parties shall only seek to introduce or use such CONFIDENTIAL HEALTH INFORMATION to the minimum extent necessary for the intended use at such hearing, trial, mediation, or other proceeding.

        3.        Notwithstanding any other provision of this Order:

        (a)        Any Party may show documents or other evidence containing CONFIDENTIAL HEALTH INFORMATION that has not been redacted or altered in accordance with Paragraph G(2) above to any person who testifies as a witness at a hearing, mediation, deposition, trial, or other proceeding in the Florida Action or the Maryland Action (after first providing opposing counsel and the Court with an opportunity to review) for the limited purposes of authenticating or laying a foundation for evidence or verifying that a redacted document is authentic for the purposes for which it is offered into evidence, and the Party so showing such evidence shall mark the evidence for identification purposes only; provided, however, that before doing so, counsel shall first comply with Paragraph G(2) of this Order, and shall further

advise the witness that the witness shall not state or otherwise disclose direct patient identifying information such as patient or subscriber names. Thereafter, if the Party offering such documents or other evidence seeks their admission in evidence, that Party shall move for admission only of versions redacted in accordance with Paragraph G(2) of this Order, and the Court shall determine whether the documents or other evidence have been properly authenticated, and a proper foundation has been laid for the documents or other evidence, on the basis of the unredacted versions that were marked for identification purposes only. Nothing contained in this Paragraph shall be construed to permit any Party to offer into evidence or to publish to the jury the unredacted or unaltered versions of the documents or other evidence containing CONFIDENTIAL HEALTH INFORMATION that are shown to witnesses in accordance with this Paragraph G(3)(a). Rather, except as provided in Paragraph G(3)(b), the requirements of Paragraph G(2) must be complied with for all evidence containing CONFIDENTIAL HEALTH INFORMATION that a Party seeks to publish to the jury or offer into evidence.

(b) The requirements of Paragraph G(2) may be waived or excused, in whole or in part, by leave of the Court if the Court first finds that (i) one or more identifiers listed in Paragraph G(2) are relevant to a disputed question of fact <u>and</u> a Party has shown that redaction or alteration of such identifiers would deny it the ability to offer evidence as to the disputed question of fact; or (ii) a Party has otherwise demonstrated exigent circumstances indicating that the burden of redacting or altering one or more of the identifiers listed in Paragraph G(2) should be waived under the circumstances; provided, however, a Party must first meet and confer with the opposing Party who produced or supplied the CONFIDENTIAL HEALTH INFORMATION before seeking leave of the Court under this Paragraph G(3)(b) to waive any requirement of Paragraph G(2).

4. Within thirty (30) days of the conclusion of this case (which shall be upon exhaustion of all appeals), all CONFIDENTIAL HEALTH INFORMATION Materials produced by any Party and designated as subject to this Order, and including all copies, extracts and summaries thereof, shall be destroyed by the receiving Party, who shall confirm such destruction in writing. To the extent that the receiving Party fails to comply with the provisions of this section regarding the destruction of CONFIDENTIAL HEALTH INFORMATION, including ESI, this Order remains in effect to preclude unauthorized use or disclosure of said CONFIDENTIAL HEALTH INFORMATION.

5. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate CONFIDENTIAL HEALTH INFORMATION, and will continue to be bound by this Order with respect to all such retained information.

6. Nothing shall limit or control the use of protected health information pertaining to a patient, member, or insured of any Party that is received by any Party or its attorney from a source other than a Covered Entity, as that term is defined in 45 C.F.R. § 160.103.

7. Written material submitted to the Court that contains, refers to, or reveals CONFIDENTIAL HEALTH INFORMATION Materials shall be subject to this Order and shall be filed under seal. Upon filing, the Clerk is directed to maintain such documents and information under seal and to make such Materials available only to the Court, Court personnel, and counsel for the Parties. The Parties shall file such CONFIDENTIAL HEALTH INFORMATION Materials under seal along with a Motion to Seal in accordance with Local Rule 105.11.

**H.     Other Provisions Applicable to CONFIDENTIAL or ATTORNEYS' EYES ONLY Materials.**

1. Any CONFIDENTIAL or ATTORNEYS' EYES ONLY Materials that are inadvertently produced without the appropriate designation or other identification as to their protected nature may be designated in writing promptly after discovery of the oversight by the Designating Party after learning that such CONFIDENTIAL or ATTORNEYS' EYES ONLY Material has been produced without such designation. Upon receipt of appropriately marked Materials bearing the CONFIDENTIAL or ATTORNEYS' EYES ONLY designations, all receiving Parties shall return or destroy all copies of the Materials that were previously produced without the designations.

2. This Order may be construed or modified by the Court on its own motion or on application of any of the Parties.

3. This Order is entered for the purpose of facilitating the exchange of documents, information and/or other materials without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any documents, information and other materials under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed: (a) to have the effect of an admission or waiver by any Party or third party; (b) to alter the confidentiality or non-confidentiality of any such documents or other material; or (c) to alter any existing obligation of any Party or non-party. The terms of this Order shall remain in effect after the conclusion of the Florida Action or the Maryland Action, and this Court hereby retains jurisdiction to interpret and enforce this Order under the laws of the State of Maryland following the conclusion of this case. The Parties, including all experts and other persons subject to this Order, or who receive a copy of this Order, hereby consent to the jurisdiction of this Court for the purpose of enforcement of this Order.

4. In the event that additional Parties intervene or are joined in the Florida Action or the Maryland Action, they shall have access to Materials produced

under this Order by executing a stipulation consenting to the terms of this Order and filing the same with the Court.

5. This Order has no effect upon, and shall not apply to, the Parties' use of their own Protected Material.

**I.  Protected Material Subpoenaed or Ordered Produced in Other Litigation**

1. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material from this action, that Party must, within seven (7) days, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; and promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order. The Party receiving the subpoena must cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

2. If the Designating Party timely seeks a protective order from a court of competent jurisdiction, the Party served with the subpoena or court order shall not produce any Protected Material designated in this action before a determination by that court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**J.  Disclosure of Attorney-Client, Work Product, or Other Privileged Materials**

In the event that attorney-client, work product and/or other privileged materials are inadvertently produced by a Party, such production shall not prejudice or otherwise

constitute a waiver of, or estoppel as to, any proper claim of privilege or protection. If a claim of inadvertent production is made under this Paragraph, the receiving Party shall return to the producing Party all copies of the same within five (5) business days of receipt of such notice. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned, the disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information. The receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information on the grounds that the Inadvertently Disclosed Information is not protected from disclosure by any privilege or immunity from production. The motion shall be filed under seal. The disclosing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any Party to request an *in camera* review of the Inadvertently Disclosed Information.

### K. Unauthorized Disclosure of Protected Material

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such persons to destroy all copies of the Protected Material; and (e) request such person or persons to execute the "Agreement to Be Bound by Protective Order," the form of which is attached hereto as Exhibit A.

**L.     Penalty for Violation**

This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

ORDERED: This ____ day of _____, 2017.

                                                                         The Honorable Charles B. Day
                                                                         United States Magistrate Judge

STIPULATED TO: This 24th day of August, 2017.

                Respectfully Submitted,

                */s/Anne M. Lockner*
                Anne M. Lockner (*pro hac vice*)

                ROBINS KAPLAN LLP
                Anne M. Lockner (*pro hac vice*)
                Jeffrey Gleason (*pro hac vice*)
                2800 LaSalle Plaza
                800 LaSalle Avenue
                Minneapolis, MN 55402-2015
                T: (612) 349-8500
                F: (612) 339-4181
                alockner@robinskaplan.com
                jgleason@robinskaplan.com

                GALLAGHER EVELIUS & JONES LLP
                Mark S. Saudek (Fed. Bar #23963)
                218 North Charles Street, Suite 400
                Baltimore MD 21201
                T: (410) 727-7702
                F: (410) 468-2786
                msaudek@gejlaw.com

                *Attorneys for Plaintiffs UnitedHealthcare of*
                *Florida, Inc. and All Savers Insurance Company*


                */s/Jeffrey J. Bushofsky*
                Jeffrey J. Bushofsky (*pro hac vice*)
                (signed by Anne M. Lockner with permission of
                Jeffrey J. Bushofsky)

                ROPES & GRAY LLP
                Chong S. Park (Bar No. 17372)
                2099 Pennsylvania Avenue, N.W.
                Washington, DC 20006-6807
                T: (202) 508-4631
                F: (202) 383-8370
                Chong.Park@ropesgray.com

Jeffrey J. Bushofsky (*pro hac vice*)
Timothy R. Farrell (*pro hac vice*)
191 North Wacker Drive
32nd Floor
Chicago, IL 60606
T: (312) 845-1200
F: (312) 845-5500
Jeffrey.Bushofsky@ropesgray.com
Timothy.Farrell@ropesgray.com

*Attorneys for the American Kidney Fund*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CIVIL ACTION NO. TDC-17-1787

UNITEDHEALTHCARE OF FLORIDA, INC., *et al.*,

    Plaintiffs,

v.

AMERICAN RENAL ASSOCIATESLLC, *et al.*,

    Defendants.
_____/

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

    1.    My name is _____.

    2.    I represent _____.

    3.    I am employed as (list position) _____,

and my employer is (list name and address) _____

_____.

    4.    I have received and reviewed a copy of the Protective Order entered in the above-titled litigation. I understand the provisions of this Order and I agree to comply with, and to be bound by, its provisions. I also consent to the jurisdiction of this Court with respect to enforcement of this Order.

    5.    I declare under penalty of perjury that the foregoing is true and correct.

Signed: _____    Date:_____

(**Exhibit A** to Protective Order)